STATE of Utah, Plaintiff and Respondent,

v.

Louis Eugene WILSON, Defendant and Appellant.

No. 14310.

Supreme Court of Utah.

April 25, 1977.

F. John Hill, Brian A. White of Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William T. Barrett, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

CONDER, District Judge:

The Defendant-Appellant, Louis Eugene Wilson, was convicted of forgery by a jury in the Third District Court of Salt Lake County, and sentenced from one to fifteen years for the crime.

Appellant seeks a reversal of the conviction upon two points. First, he claims that the trial court erred in submitting the case to the jury because there was insufficient evidence to find him guilty; and secondly, he claims that the trial court erred in allowing him to proceed pro se in defense of himself because as a matter of law he could not competently represent himself.

As to the first issue, this court has carefully examined the record, and upon the reading of the record believes that the matter was properly submitted to the jury. The facts of this case show that defendant approached a drive-in bank teller at First Security Bank in Salt Lake City, Utah, at approximately 4:00 p.m. Only two men were in the vehicle. Defendant was seated on the passenger side of the car, and the other person was seated on the driver's side. The driver requested a deposit slip from the bank teller and returned it to her through the pneumatic tube. The deposit slip and a passbook bearing the name of Lawrence Boyd were submitted to the teller. Since the deposit also requested a withdrawal of some cash, the teller returned it for signa-

ture. The teller testified that the driver received the pneumatic tube and passed it over to the defendant. She further testified that she could see the hands of the driver at all times and that he did not sign any document. The tube was passed back then through the process to the teller, and it bore the signature of "Lawrence Boyd." The teller then told the defendant that before the funds could be paid out she would have to check with a bank officer. The item being deposited was a draft drawn on Travelers Insurance Company of Colorado. Upon checking with the bank officer it was determined that the draft was one that was stolen from the Denver office, and the testimony was that the draft was irregular in many respects. The police were notified and the officers arrived. After giving the defendant the *Miranda* warning, the officers asked him his name and he said his name was Lawrence Boyd. The defendant admitted on examination that he had applied for a driver's license from the State of Utah, under the name of Lawrence Boyd, although it had the picture of the defendant on the driver's license. We find that the evidence supports the defendant's guilt beyond a reasonable doubt. We find there was no error in submitting the case to the jury.

As to point number two, the claim that the defendant was not competent to represent himself pro se, we find that the trial court did not err in this. The defendant appeared the morning of the trial and was present throughout with his court appointed attorney. Upon being asked by the court whether the defendant was prepared to proceed, the defendant answered, "Yes, Your Honor." The jury was impanelled, and after the jury had been impanelled, and admonished not to talk about the case, the court then adjourned to Chambers and took up the matter of whether or the defendant was going to represent himself. The court asked the defendant specifically if he intended to represent himself in the matter and he said, "yes." He also indicated that he wanted to have an attorney appointed other than one from the Public Defenders Office. He felt that the case load of the

Public Defenders Office was such that he would rather represent himself than be represented by an attorney from their office. The attorney who had previously been appointed from the Public Defenders Office to represent the defendant, was present during the proceedings. The court asked the defendant if it would be agreeable to have the attorney available to assist him throughout the trial. The defendant answered, "yes." During the preliminary matters the attorney, in the presence of the defendant, then argued several motions before the court on behalf of the defendant. As the trial proceeded the defendant himself cross-examined the witnesses produced by the State. During part of the examination of one of the State's witnesses, the attorney made some objections and arguments before the court. Furthermore, the attorney, upon the offer of the exhibits by the State, proceeded to represent the defendant and made objections and arguments as to the receipt of the specific exhibits. The defendant was then placed on the witness stand by "his" attorney and under direct examination proceeded to answer the questions propounded to him by the attorney. At the conclusion of the testimony by the defendant, the attorney turned to the defendant and asked, "Mr. Wilson, do you have any more evidence to offer?" The defendant replied, "No further." The attorney than made a motion to dismiss the case, and argued this motion before the court. At the end of the argument the court turned to the defendant and said, "Anything you care to add to that Mr. Wilson?" The defendant said, "I think he has stated it very well."

 This court is of the opinion that not only did the defendant knowingly and intelligently participate in the trial and examination of witnesses, but that this defendant was ably assisted throughout by the Public Defenders Office. There is no question but that the defendant has the right to knowingly and intelligently waive the right of counsel. The Utah Constitution, Article 1, Section 12, gives the accused the right to serve as his own counsel in representing himself in the case. This

court in the case of *State v. Penderville*, 2 Utah 2d 281, 272 P.2d 195 (1954) stated, " . . . It is generally, if not universally held, that the accused in a criminal proceeding who is sui juris and not mentally incompetent, has the right to conduct his own defense without the aid of counsel. . . . " The United States Supreme Court in the case of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), held that a defendant in a State criminal trial has a constitutional right to proceed in his own behalf without counsel when he voluntarily and intelligently waives the right of counsel. This court refers the reader to that case for an excellent discussion and background of the matter of the right of individuals to proceed pro se. Not only do we conclude that the defendant intelligently and knowingly represented himself by his conduct and proceeding in the case which evidenced knowledge of court procedure, but that he was further assisted throughout by the counsel upon whom he relied and to whom he acknowledged satisfactory assistance in the handling of the trial.

Affirmed. No costs awarded.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

HALL and MAUGHAN, JJ., do not participate herein.